IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CR-276-FL-BM-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MARKUS MCCORMICK, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court upon defendant's notice of his voluntary dismissal "without prejudice" of all his pending motions so as to "start back the speedy trial clock running upon the filing of this notice" (DE 106), together with a plethora of motions filed by him. Defendant's March 18, 2024, filing implicates pending motions lodged on the docket at entry numbers 29, 30, 53, 54, 64, 85, 86, 96, 98, and 100, many of which are the subject of a magistrate judge's memorandum and recommendation ("M&R") (DE 97) to which defendant has objected. (DE 99).

## COURT'S DISCUSSION

The court declines to entertain defendant's notice as it relates to motions already referred to and addressed by the magistrate judge in her memorandum and recommendation, to which he has objected. Defendant's motions introduced the delay he now complains of, and in an effort to control administration of this case, he notices he will not now proceed on them but reserves a right later to present his motions. This effort runs afoul of well-established law proclaiming that a defendant's right to pro se representation "does not exist . . . to be used as a tactic for delay, for

disruption, for distortion of the system, or for manipulation of the trial process." United States v. Frazier-El, 204 F.3d 553, 560 (4th Cir. 2000).

The group of motions which are the subject of an M&R include: defendant's motions to suppress (DE 29, 30); motions for Franks hearing (DE 53, 54), motion to dismiss the indictment (DE 64),[1] and motion in limine seeking to exclude certain evidence (DE 85).

The magistrate judge recommended denial of defendant's motions to suppress centered on the events of December 10, 2020 (DE 29, 64, 85) on two grounds, both of which the court agrees with. First, defendant has no Fourth Amendment standing in the residence of a third party. E.g., United States v. Gray, 491 F.3d 138, 144 (4th Cir. 2007); (M&R 9–10, 23). Second, the search of defendant's person was a valid search incident to an arrest based on probable cause. Chimel v. California, 395 U.S. 752, 763 (1969); (M&R 10–14, 23).

The magistrate judge also analyzed defendant's motion to suppress centered on the events of December 21, 2020 (DE 30), correctly concluding that police had obtained an arrest warrant for defendant before the search. And, the circumstances of the warrant's execution permitted the officers to conduct a protective sweep inside the house under United States v. Everett, 91 F.4th 698 (4th Cir. 2024), because the officers perceived marijuana scent outside the house, and an unexpected third party attempted to flee. See id. at 704–06, 710; (M&R 14–19, 23).

Defendant's motions for Franks hearings (DE 53, 54), as the magistrate judge recommended, are dismissed because 1) the detective's testimony about the scent of marijuana was not false; 2) the statement about defendant attempting to flee the residence December 21, 2020 was, even if false, not necessary to establish probable cause, and 3) other alleged false statements similarly would not have undermined probable cause for the search and arrest that occurred

---

[1] DE 64 is styled as a motion to dismiss the indictment, but is a suppression motion in substance. (See generally Mot. Dismiss (DE 64)).

2

December 10, 2020. (M&R 17–22, 23).  All of these motions (DE 29, 30, 53, 54, 64, 85), for the reasons given, are DENIED.

The practical effect of defendant's notice is that he now has abandoned efforts to obtain additional discovery from the government, which one way or another, are the subject of three separate motions.  Defendant's motion for more time to file motions (DE 86) is DENIED for the reason that defendant now has abandoned his motion to compel discovery (DE 96), which the court accordingly DISMISSES as MOOT, together with his motion for a discovery conference (100), also DISMISSED as MOOT.

In order entered January 16, 2024, the court continued trial on motion of the government, premised upon the pendency then of motions referred to the magistrate judge.  Deadline for trial was extended under 18 U.S.C. § 3161(h)(1)(D).  None of these motions now remain pending.  Therefore, reason set forth by the court in its January 16, 2024 order for delay no longer exists and so, if the time begins to run today, by the clerk's calculation the speedy trial time would expire May 31, 2024.

However, there remains one motion still to be considered.  And to the extent defendant's motion for pretrial hearing seeks the court expeditiously to gather the parties and determine a trial date certain (DE 98), his remaining motion is ALLOWED in this part.  The court sets the matter for pretrial conference at New Bern, pursuant to Rule 17.1 of the Federal Rules of Criminal Procedure, at 10:00 a.m. on March 28, 2024.

Finally, the court addresses the question of whether the time from today until that conference should be excluded from the speedy trial computation in the affirmative.  Defendant's notice quite suddenly has changed the posture of the case by eliminating issues concerning discovery.  This has resulted in significant acceleration towards trial, on a date to be determined at

conference requested by defendant soon to be undertaken. And the court would of its own initiative have undertaken this Rule 17.1 conference now for the purpose of determining a trial date certain and discussing with the parties any pretrial matters which, if addressed prior to trial, could promote efficiencies.

A limited amount of time to prepare for such conference with trial anticipated soon to follow is required, including time in outreach to prospective witnesses. In order to propose trial dates to this court March 28, 2024, such outreach in advance to prospective witnesses is necessary. Both sides also shall be prepared March 28, 2024, to discuss any complicated evidentiary issues expected to arise at trial based on current knowledge and understanding, which if considered at pretrial conference could promote efficiencies at trial. The court finds that the ends of justice served by this continuance from today until March 28, 2024, outweigh interests in a speedy trial for reasons given. The court notes in furtherance of the parties' trial planning that it has availability to undertake trial the weeks of May 8, May 13, and possibly May 28, 2024, depending on anticipated trial length, at least based on the current calendar.

## CONCLUSION

For the forgoing reasons:

1. Defendant's objection to the M&R is overruled and motions at DE 29, 30, 53, 54, 64, and 85 all are DENIED.
2. Defendant's motions for discovery (DE 96, 100) are DISMISSED AS MOOT.
3. Defendant's motion for an extension of time to file motions (DE 86) is DENIED.
4. Defendant's motion for pretrial hearing (DE 98) is GRANTED in part, and under the auspices of Federal Rule of Criminal Procedure Rule 17.1., conference for the

purpose of promoting a fair and expeditious trial will be undertaken at 10 a.m. on March 28, 2024.

SO ORDERED, this the 22nd day of March, 2024.

                                                   LOUISE W. FLANAGAN
                                                   United States District Judge